DISCIPLINARY COUNSEL *v.* GIDEON.

[Cite as *Disciplinary Counsel v. Gideon,*
104 Ohio St.3d 418, 2004-Ohio-6587.]

(No. 2004–1062—Submitted August 17, 2004—Decided December 15, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, John Joseph Gideon of Columbus, Ohio, Attorney Registration No. 0008151, was admitted to the practice of law in Ohio in 1978. Respondent is a sole practitioner who has worked almost entirely in criminal defense and whose practice dealt extensively with death-penalty cases. On February 10, 2003, relator, Disciplinary Counsel, charged respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the parties' comprehensive stipulations, exhibits, and testimony, made findings of fact, conclusions of law, and a recommendation.

### Count I

{¶ 2} The panel found that respondent was retained by the Ohio Public Defender's Office to represent John Stojetz, who had been sentenced to death for aggravated murder, in postconviction proceedings. The court of appeals granted respondent numerous extensions in which to file Stojetz's appeal brief. In December 2001, respondent was contacted twice by a court administrator regarding the status of the brief and was warned once that if a brief was not filed by December 31, 2001, the case would be dismissed. Additionally, Stojetz's sister repeatedly attempted to contact respondent regarding the status of her brother's pending appeal. Respondent failed to respond to her attempts to contact him, and Stojetz contacted the Ohio Public Defender's Office.

{¶ 3} Respondent never filed a brief, and on January 10, 2002, the court dismissed Stojetz's appeal with prejudice. Subsequently, the Ohio Public Defender took over the case and filed a motion for substitution of counsel and a

motion to reopen the appeal. The court of appeals denied the motion to reopen the appeal.

## Count II

{¶ 4} The panel found that respondent was retained to appeal the rape conviction of Casaviero Senu–Oke. On numerous occasions throughout May and June 2002, respondent was contacted by both Senu–Oke and a friend of Senu–Oke regarding the status of the appeal. Respondent failed to respond to any of these communications.

{¶ 5} On May 10, 2002, the court of appeals notified respondent that unless he filed a brief within seven days, Senu–Oke's appeal would be dismissed. Respondent did not timely file a brief, and on June 12, 2002, the court of appeals dismissed the appeal. Subsequently, the Ohio Public Defender's Office filed an appearance as counsel for Senu–Oke and was granted a motion to reopen the appeal.

## Count III

{¶ 6} The panel found that respondent was also appointed appellate counsel to appeal Terrence Crawford's criminal conviction. After receiving one extension of time to file his brief and later receiving notification from the court of appeals that the appeal would be dismissed unless a brief was filed within seven days, respondent again failed to file a brief. On March 20, 2002, the court of appeals dismissed the appeal.

## Violations

{¶ 7} After considering the parties' stipulations, the board found that respondent had violated DR 1–102(A)(6) (barring an attorney from engaging in conduct that adversely reflects on his fitness to practice law), 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 7–101(A)(2) (barring an attorney from intentionally failing to carry out a contract of employment for legal services), and 7–101(A)(3) (barring an attorney from intentionally prejudicing or damaging a client during the course of a professional representation).

## Sanction

{¶ 8} In recommending a sanction for this misconduct, the panel considered the aggravating and mitigating features of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). In mitigation, the panel found that respondent had no prior disciplinary record and had been extremely cooperative in the disciplinary process and forthright in

his admissions. BCGD Proc.Reg. 10(B)(2)(a) and (d). Respondent also indicated his eagerness to continue his practice in the stressful area of criminal law.

{¶ 9} The panel also found, based upon the uncontroverted professional testimony of Dr. James P. Reardon, a psychologist, that respondent suffered from deep depression and anxiety that had substantially impaired his ability to practice law during the underlying events. BCGD Proc.Reg. 10(B)(2)(g)(i), (ii), and (iv). Respondent is currently being treated by Dr. Reardon and Dr. Jay E. Martin, a physician. The panel was convinced that respondent was managing his medical conditions successfully with medication and that respondent had shown significant improvement since he began treatment.

{¶ 10} In mitigation, the panel also received numerous letters of support from respondent's friends and colleagues. They detailed his professional commitment and dedication to his work and emphasized his exemplary personal and ethical standards over the last 20 years. Some letters described the lapses in respondent's performance as extremely out of character, unexpected, and surprising. These letters convinced the panel that respondent has had a significant impact on the legal community throughout his lengthy career, is a hard-working, committed professional, and remains a highly respected and honored member of the bar.

{¶ 11} The panel was also persuaded by testimony from two witnesses, both of whom work for a public defender's office. These witnesses worked with respondent extensively over several years on extremely complicated death-penalty cases. One witness testified that respondent was deeply honest and forthcoming in admitting that he was experiencing difficulties in his legal practice. The witness also testified that respondent honestly discussed whether the difficulties he was having were an issue in their collaborative death-penalty work and maintained that respondent had met all appointed deadlines. The other witness reported that the respondent was "conscientious" and "compassionate" and that his work was "meticulous," adding that respondent was "probably the most conscientious attorney that [he'd] ever worked with."

{¶ 12} The board recommended, consistent with the parties' suggested sanction, that respondent be suspended from the practice of law for a period of two years and that the entire suspension be stayed upon compliance with the following conditions: (1) respondent must continue treatment with the two professionals by whom he is currently being treated, (2) respondent must continue to comply with the treatment therapies prescribed by those two professionals, (3) respondent must work with assigned co-counsel on his death-penalty cases and work with a monitor assigned by relator on all other criminal cases, and (4) respondent must comply with all requirements for active registration.

{¶ 13} Upon review, we agree that respondent violated DR 1–102(A)(6), 6–101(A)(3), 7–101(A)(2), and 7–101(A)(3). We also find that a two-year suspension stayed on the recommended conditions is appropriate.

{¶ 14} Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years; however, the entire suspension period is stayed on the conditions that (1) respondent continues treatment with the two professionals by whom he is currently being treated, (2) respondent continues to comply with the treatment therapies prescribed by those two professionals, (3) respondent works with assigned co-counsel on his death-penalty cases and works with a monitor assigned by relator on all other criminal cases, and (4) respondent complies with all requirements for active registration. If respondent violates any condition of the stay, the stay will be lifted, and respondent will serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jonathan Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

John J. Gideon, pro se.